UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

     Plaintiff,

v.                              Case No:  2:16-cv-776-FtM-38CM

3M ELECTRONIC MONITORING,

     Defendant.

_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Plaintiff *pro se* Louis Matthew Clements'

Appeal of Order to Dismiss and Motion to Recuse (Doc. 34) filed on July 6, 2017, which

the Court construes as a Motion for Reconsideration under Federal Rule of Civil

Procedure 60(b) of this Court's June 29, 2017 Opinion and Order dismissing this case

with prejudice as time-barred.  (Doc. 32).  This filing was initially construed by the Court

as a Notice of Appeal to the Eleventh Circuit, and docketed as such (Doc. 34).  *See*

*Clements v. 3M Monitoring*, USCA Number 17-13039-D.  It was brought to the Court's

attention that the Eleventh Circuit stayed the effectiveness of the Notice of Appeal

pending this Court's resolution of the Motion for Reconsideration.  *See* Fed. R. App. P.

4(a)(4).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.
These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked
documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this
Court does not endorse, recommend, approve, or guarantee any third parties or the services or
products they provide on their websites. Likewise, the Court has no agreements with any of these
third parties or their websites.   The Court accepts no responsibility for the availability or
functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to
some other site does not affect the opinion of the Court.

"As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). The filing of a notice of appeal does not, however, "prevent the district court from taking action 'in furtherance of the appeal,'" *id.* (quoting *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)), nor from "entertaining motions on matters collateral to those at issue on appeal," *id.* (citation omitted). Even after the filing of a notice of appeal, district courts retain jurisdiction to entertain or deny a Rule 60(b) motion because the court's action is in furtherance of the appeal. *Id.* at 1180 (citation omitted). The jurisdiction is limited to denying the Rule 60(b) motion and "following the filing of a notice of appeal district courts do not possess jurisdiction to grant a Rule 60(b) motion." *Id.*

> Accordingly, a district court presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion and assess its merits. It may then deny the motion or indicate its belief that the arguments raised are meritorious. If the district court selects the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion.

*Id.*

Therefore, because Plaintiff has filed his Motion for Reconsideration pursuant to Rule 60(b), this Court has jurisdiction to entertain and deny the Motion or indicate its belief the arguments are meritorious.

**A. Reconsideration**

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision:

(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has already determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Ludwig v. Liberty Mutual Fire Ins. Co.*, Case No. 8:03-cv-2378-T-17-MAP, 2005 WL 1053691 at *3 (M.D. Fla. Mar. 30, 2005).

The Court has reviewed Plaintiff's Motion and determines that it is without merit. Plaintiff does not identify new evidence, point to a change in controlling law or material facts, or show that reconsideration is needed to correct clear error or prevent manifest injustice.

**B. Recusal**

Plaintiff's request to disqualify is based on 28 U.S.C. § 455. Under § 455,

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> . . .

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;. . . .

28 U.S.C. § 455. "The inquiry of whether a judge's impartiality might reasonably be questioned under § 455(a) is an objective standard designed to promote the public's confidence in the impartiality and integrity of the judicial process. [ ] Thus, the court looks to the perspective of a reasonable observer who is *informed of all the surrounding facts and circumstances*." *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009) (internal citations omitted) (emphasis in original). Adverse rulings are rarely grounds for recusal. *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008) (citing Liteky v. United States, 510 U.S. 540, 554 (1994)). It is a "reasonable man standard" that is applied to determine whether recusal is appropriate. *Whitehurst v. Wright*, 592 F.2d 834, 838 (5th Cir. 1979)[2] (citations omitted).

The Court has reviewed the basis identified by Plaintiff for recusal and finds that a reasonable person would not question the undersigned's partiality under the circumstances of this case. The Motion will be denied on this basis.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Reconsideration and Recusal (Doc. 34) is **DENIED**.

(2) The Clerk is **DIRECTED** to transmit a copy of this Opinion and Order to the United States Court of Appeals for the Eleventh Circuit.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of September, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
United States Court of Appeals for the Eleventh Circuit
All Parties of Record