UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

    Plaintiff,

v.                                                     Case No.:  2:16-cv-776-FtM-38CM

3M ELECTRONIC MONITORING,

    Defendant.
_____/

# OPINION AND ORDER[1]

This matter comes before the Court on Plaintiff *pro se* Louis Matthew Clements' Opposed Motion for 60(b) Relief from Judgment and Stay of Effectiveness of Appeal and Leave to File Third Amended Complaint (Docs. 60, 61) filed on May 21 and 24, 2019. Defendant filed an Omnibus Response in Opposition (Doc. 62) on June 4, 2019. For the reasons set forth below, the Motion is denied.

## BACKGROUND

This is a products liability case in which the Court determined that Plaintiff's claims were time barred and the Second Amended Complaint was dismissed with prejudice on June 29, 2017. (Doc. 32). In its Order of dismissal, the Court did not address Clements' request to amend his complaint to add a claim for intentional infliction of emotional

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

distress. After dismissal, Plaintiff filed a Federal Rule 60(b) Motion for Reconsideration and Recusal, arguing that his claims were not time barred due to the doctrines of continuing tort, delayed discovery, equitable estoppel, and equitable tolling. (Doc. 34). Notably, Clements' Rule 60(b) Motion made no mention that the Court failed to consider his request to amend his complaint to add a claim for intentional infliction of emotional distress. The Court denied the request for reconsideration on September 21, 2017. (Doc. 40).

On May 31, 2018, the Eleventh Circuit affirmed this Court's dismissal of Clements' case holding that failure to allege physical harm to his person or property was fatal to his products liability claims. (Doc. 45). Based on that reasoning, the Eleventh Circuit did not address this Court's determination that his claims were time barred. The Eleventh Circuit further noted that Clements failed to argue on appeal that the District Court erred in denying him leave to amend his complaint to allege a claim for intentional infliction of emotional distress. (Doc. 45, at 5).

On August 16, 2018, Plaintiff filed a second Rule 60(b) Motion for Reconsideration, arguing for the first time that the Court should reconsider its Order of dismissal and provide him the opportunity, after appeal, to amend the complaint to allege a claim for intentional infliction of emotional distress. Plaintiff argued for the first time ever in this litigation that negligent infliction of emotional distress should also be considered. (Doc. 49). The Court denied reconsideration on September 5, 2018. (Doc. 51). Plaintiff appealed.

On May 3, 2019, the Eleventh Circuit affirmed this Court's decision, finding: (1) that Plaintiff's second Rule 60(b) motions were "improper substitutions for a timely and

proper appeal"; (2) that "Clements had the opportunity to challenge the district court's failure to address his motion for leave to amend both in his initial motion for reconsideration and during his first appeal to this Court. He did not."; and (3) that "Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal". (Doc. 58). The Eleventh Circuit then expressly stated that "Rule 60(b)(6) [does not] offer a path forward for Clements here." (Doc. 53, at 5). Plaintiff's appeal is still pending before the Eleventh Circuit as he has petitioned the court for rehearing *en banc*.

Plaintiff now comes before the Court with a third Rule 60(b) motion, requesting that the Court reconsider its June 29, 2017 Order (Doc. 32) and grant him leave to amend his complaint, arguing fundamental error, severe prejudice, and exceptional circumstances.

## JURISDICTION AND STANDARD OF REVIEW

### A. Jurisdiction

"As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). The filing of a notice of appeal does not, however, "prevent the district court from taking action 'in furtherance of the appeal,'" *id.* (quoting *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)), nor from "entertaining motions on matters collateral to those at issue on appeal," *id.* (citation omitted). Even after the filing of a notice of appeal, district courts retain jurisdiction to entertain or deny a Rule 60(b) motion because the court's action is in furtherance of the appeal. *Id.* at 1180 (citation omitted). The

3

jurisdiction is limited to denying the Rule 60(b) motion and "following the filing of a notice of appeal district courts do not possess jurisdiction to grant a Rule 60(b) motion." *Id.*

> Accordingly, a district court presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion and assess its merits. It may then deny the motion or indicate its belief that the arguments raised are meritorious. If the district court selects the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion.

*Id.*

Therefore, because Plaintiff has filed his Motion for Reconsideration pursuant to Rule 60(b), this Court has jurisdiction to entertain and deny the Motion or indicate its belief the arguments are meritorious.

### B. Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has already determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."

*Ludwig v. Liberty Mutual Fire Ins. Co.*, Case No. 8:03-cv-2378-T-17-MAP, 2005 WL 1053691, *3 (M.D. Fla. Mar. 30, 2005).

## DISCUSSION

Clements cannot use a third, untimely Rule 60(b) motion as a substitute for failing to seek relief on appeal. "A party may not use Rule 60 as a substitute for a timely and proper appeal." *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d. 1111, 1115 (11th Cir. 1993) (same). "A motion for relief may not be used by the losing party in the district court to circumvent the jurisdictional requirement that he appeal the merits of the underlying judgment within thirty days." *Miller v. Morris Communications Co., LLC*, 234 F. App'x 881 (11th Cir. 2007) (party could not file Rule 60(b) motion five months after judgment to substitute for his failure to timely appeal already-litigated issues). As stated by the Eleventh Circuit, Clements had the opportunity to challenge the district court's failure to address his motion for leave to amend in his initial motion for reconsideration and during his first appeal to that court. (Doc. 58, at 5). He did not. Plaintiff's attempt to now deploy yet another Rule 60(b) motion to raise claims that could have been made on direct appeal.

The Court has already considered Plaintiff's prior request for reconsideration and found that Plaintiff had not shown that reconsideration was needed to correct clear error or prevent manifest injustice. (Doc. 40). Therefore, reconsideration and leave to amend are denied.

Accordingly, it is now

**ORDERED:**

5

(1) Plaintiff *pro se* Louis Matthew Clements' Opposed Motion for 60(b) Relief from Judgment and Stay of Effectiveness of Appeal and Leave to File Third Amended Complaint (Docs. 60, 61) are **DENIED**.

(2) The Clerk is **DIRECTED** to transmit a copy of this Opinion and Order to the United States Court of Appeals for the Eleventh Circuit.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of June, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
United States Court of Appeals for the Eleventh Circuit
All Parties of Record