UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

    Plaintiff,

v.                                             Case No: 2:16-cv-776-SPC-NPM

3M ELECTRONIC
MONITORING, INC.
n/k/a ATTENTI US, INC.

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court are Plaintiff Louis Clements' Rule 60(b)(4) Motion (Doc. 81) and Motion to Disqualify Counsel (Doc. 82). Defendant 3M Electronic Monitoring, Inc., now known as Attenti US, Inc. ("3M EM") responded in opposition (Docs. 83; 84). The Motions are denied.

## BACKGROUND

Clements has a long and storied history before this Court. His Second Amended Complaint was dismissed with prejudice in 2017 due to the statute of limitations, and his subsequent motion for reconsideration and recusal was

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

denied. The Eleventh Circuit affirmed on alternate grounds without addressing the time bar, holding Clements failed to allege the physical harm necessary to sustain a products liability claim. *Clements v. Attenti US, Inc.*, 735 F. App'x 661, 663 n.2 (11th Cir. 2018) (per curiam).

Clements then filed a second reconsideration, asking for leave to amend and add claims. The Court denied. On appeal, the Eleventh again affirmed. *Clements v. 3M Elec. Monitoring*, 770 F. App'x 506 (11th Cir. 2019) (per curiam). As Clements had not challenged the failure to grant leave to amend earlier, he waived his right to appeal the second time around. *Id.* at 508. What's more, the Eleventh held denying Clements' motion to reconsider a negligent infliction of emotion distress claim was proper because it was never pled. *Id.*

After losing two rounds, Clements was undeterred. He filed two more reconsideration motions—seeking leave to file an amended complaint. Unsurprisingly, the Court denied, and the Eleventh affirmed. *Clements v. 3M Elec. Monitoring* (*Clements 3*), 795 F. App'x 738 (11th Cir. 2019) (per curiam).

Now on his fifth try, Clements contends this Court lacked jurisdiction over his claims because of a lack of diversity, rendering the judgment dismissing his case as void. Clements also seeks leave to amend. And he wants to disqualify opposing counsel.

## LEGAL STANDARD

Under Rule 60(b)(4), a court may relieve a party from a final judgment based on a finding that the judgment is void, such as when "the court that rendered it lacked jurisdiction of the subject matter." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (quoting *In re Edwards*, 962 F.2d 641, 64 (7th Cir. 1992)). Yet it is "well-settled" that a "mere error" in a court's exercise of jurisdiction does not warrant the extraordinary relief provided by Rule 60(b)(4). *In re Optical Techs., Inc.*, 425 F.3d 1294, 1306 (11th Cir. 2005) (quoting *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001)). Instead, federal courts considering motions voidness over jurisdictional defects "generally have reserved relief only for the *exceptional* case in which that court that rendered the judgment lacked even an '*arguable* basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (emphasis added).

## DISCUSSION

The Court first discusses whether the judgment was void before turning to the other matters.

### A. Rule 60(b)(4) Motion

The judgment was void, says Clements, for several reasons. The Court addresses these claims below.

3

Before doing so, however, the Court concludes diversity existed. Thus, there was jurisdiction, so the Motion is denied. Diversity must exist at the time of filing. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004). As outlined in 3M EM's response, its principal place of business was in Minnesota when the case was filed (and dismissed). Neither document Clements offers calls this into doubt. While 3M EM had a Florida office, it was only after the sale of 3M EM to Attenti that the nerve center moved to Florida. That sale occurred months after dismissal, during Clements' first appeal. Put simply, "any changes in a party's citizenship that occur after filing are irrelevant" to diversity. *Harris v. Garner*, 216 F.3d 970, 983-84 (11th Cir. 2000).

For the sake of argument, even if there was not jurisdiction, the Rule 60(b)(4) Motion is still denied.

Federal courts must police for jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And parties cannot waive or forfeit challenges to subject-matter jurisdiction. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). So the Court reviews every new case, including this one when it was filed. But Clements seems to argue district courts must sua sponte launch a full-scale factual inquiry into every complaint—even ones with no apparent jurisdictional defects. That isn't the law. *E.g., Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (Federal courts have "the obligation

4

at any time to inquire into jurisdiction *whenever the possibility that jurisdiction does not exist arises*." (emphasis added)). Before dismissal, Clements properly pled diversity jurisdiction in three iterations of the Complaint. And the Court had no reason to question it. In short, there was at least an arguable basis for jurisdiction, so the judgment is not void and Clements Rule 60(b)(4) Motion is denied. *Johnson v. Spencer*, 950 F.3d 680, 695-98 (10th Cir. 2020); *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 221-22 (4th Cir. 2019).

Related to that conclusion is another of Clements' arguments: he had no opportunity to question jurisdiction. This contention is meritless. Clements filed this case almost five years ago and had ample opportunities to raise the issue. His chances included briefing a motion to dismiss, four motions for reconsideration, and three separate appeals. That was far more opportunity than most litigants get.

To the extent that Clements argues he had no access to the information necessary to challenge jurisdiction, the record shows otherwise. According to Clements, 3M EM's principal place of business was in Florida, destroying diversity. The initial disclosure Clements relies on to demonstrate 3M EM's address was sent to him almost four years ago; the corporate disclosures first noting the sale of 3M EM was filed over four years ago; and the filings Clements relies on from a later case against the same defendants is almost eleven months old. In other words, Clements had access to the documents he

now relies on for a significant period, and *pro se* or not, too much time has passed. While Rule 60(b)(4) motions are exempted from Rule 60(c)(1)'s timing requirements, they cannot be raised "at *any* time under *any* circumstances"; litigants must "diligently" pursue their rights, rather than sleep on them. *Espinosa*, 559 U.S. at 275; *A & F Bahamas LLC v. World Venture Grp., Inc.*, 796 F. App'x 657, 661 (11th Cir. 2020) (per curiam). Clements did not diligently pursue his rights here.

At bottom, this Court's exercise of jurisdiction was proper. And even if not, this would not rise above the level of "mere error." There was an arguable basis for jurisdiction in this case; indeed, Clements was the party pleading it. This is not the exceptional case that warrants voiding a judgment. This is the case of an aggrieved party, losing his case and trying his luck one more time.

Having decided that matter, Clements' request to amend is denied as moot. Even if the Court reached the matter, leave would be denied. Generally, a *pro se* plaintiff "'must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Here, Clements already had his chance to litigate the issue of amendment. He did not take it. So he is not entitled to that relief. As the Eleventh stated, that conclusion is law of the case. *Clements 3*, 795 F. App'x at 740. Even if it were not, 3M EM is correct the remedy for

6

Clements' reconsideration motion would be vacating the judgment—not to reopen the case and permit amendment.

**B. Motion to Disqualify**

To the extent that Clements' Motion to disqualify opposing counsel is not moot, the Court denies. Disqualification is a "harsh" sanction and should be resorted to "sparingly." *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 (11th Cir. 1982). The party bringing the motion to disqualify bears the burden of proving the grounds for disqualification. *Hermann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006). For disqualification based on an alleged ethical violation, courts "may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power." *Id.* (quoting *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997)). Instead, courts "must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Id.* (quoting *Schlumberger*, 113 F.3d at 1561).

Clements has not met his burden of proving the grounds for disqualification. He seems to question the adversarial nature of the legal system. But that is by design: we seek truth through zealous advocacy of opposing forces. One reality of that system is sometimes parties might feel uncomfortable or have their feelings hurt. Unfortunately for Clements, these are not grounds for disqualification. Of course, all litigants are bound by rules

7

of decorum and lawyers by rules of professional conduct. Disqualification, however, is not warranted here because the Court finds no ethical violations (or even sanctionable conduct for that matter) by 3M EM's counsel.

Accordingly, it is now

**ORDERED**:

(1) Plaintiff's Opposed Motion 60(b)(4) for Relief from Judgment and Motion for Leave to Amend (Doc. 81) is **DENIED**.

(2) Plaintiff's Motion to Disqualify Counsel (Doc. 82) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on June 15, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record