## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

      Plaintiff,

v.                         Case No: 2:16-cv-776-SPC-NPM

3M ELECTRONIC
MONITORING, INC. n/k/a
ATTENTI US, INC.,

      Defendant.
_____/

## ORDER[1]

    Before the Court is Plaintiff's Motion for Reconsideration (Doc. 86). Defendant responded in opposition (Doc. 87).  The Court need not recite this case's whole history.  It is enough to note Plaintiff moved under Rule 60(b) to vacate the Court's judgment, arguing it was void.  The Court denied—holding the judgment was not void (the "Order").  (Doc. 85).  Now, Plaintiff wants reconsideration.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The decision to grant a motion for reconsideration is within the sound discretion of the trial court.[2] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). Three possible reasons to reconsider follow: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Importantly, reconsideration is not a chance to raise or reargue an issue. The "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Sussman*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Plaintiff failed to show this is an extraordinary case requiring reconsideration. Indeed, Plaintiff fails to challenge the Court's holding that the judgment was not void. *See* (Doc. 86 at 3 ("Plaintiff accepts for now this doesn't rise past 'mere error' and cannot void a judgment.")). On its own, that conclusion is legally dispositive. If the judgment was not void, then there was no basis to vacate. And, therefore, reconsideration is misplaced. So the Court need not address Plaintiff's remaining arguments, which take issue with the

---

[2] Plaintiff does not cite the Rule under which he seeks relief. While Plaintiff filed the Motion within twenty-eight days of the Order, the Court liberally construes this as a request under Federal Rule of Civil Procedure 60(b). *See Hamilton v. Sec'y Fla. Dep't of Corr.*, 793 F.3d 1261, 1267 n.3 (11th Cir. 2015) (There is reason to think that Rule 59(e) cannot be used to second-guess the denial of a Rule 60(b) motion."). Regardless of the Rule applied, the standards are similar (where relevant), and the answer would be the same either way.

Court's alternative reasoning.  Even if the Court did reach those matters, it stands by the Order and finds nothing to reconsider.

To the extent that Plaintiff moves for recusal, the request is denied. Adverse rulings are almost never a reason to recuse. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  And Plaintiff identifies no facts from which the Court's impartiality could reasonably be questioned.  *See id.*; 28 U.S.C. § 455.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration and Motion to Vacate (Doc. 86) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 26, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record