UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

    Plaintiff,

v.                                        Case No.:   2:16-cv-776-SPC-NPM

3M ELECTRONIC MONITORING,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is pro se Plaintiff Louis Matthew Clements' Combined Motion 60(b)(5) or (6) For Relief from Judgment and Motion for Leave to Amend (Doc. 95), along with Defendant's[2] opposition (Doc. 98). For the below reasons, the Court denies the motion.

Almost six years ago, the Court dismissed Plaintiff's product liability action with prejudice on statute of limitations grounds. (Doc. 32; Doc 33). The Eleventh Circuit affirmed the dismissal but on a different basis—the complaint did not allege physical harm to his person or property. (Doc. 45 at 4-6). The

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

[2] During this case, 3M was sold, and the company name was changed to Attenti US, Inc. Since then, Attenti changed its name to Allied Universal Electronic Monitoring US, Inc. (Doc. 96).

Eleventh Circuit then noted Plaintiff did not argue on appeal that this Court erred in denying him leave to amend the complaint to state an intentional infliction of emotional distress ("IIED") claim. (Doc. 45 at 5). Plaintiff has spent the next five years trying to right that wrong.

Plaintiff has filed more than a half-dozen motions seeking Rule 60(b) relief and to amend the complaint. The Court denied all his motions, and the Eleventh Circuit affirmed it—three times. (Doc. 58; Doc. 76; Doc. 93).

But Plaintiff remains undeterred. Yet again, he moves for Rule 60(b) relief from the Court's original order dismissing his case with prejudice. (Doc. 95). He continues to challenge the dismissal and the Court not dealing with his request to add an IIED claim. But Plaintiff's latest motion fares no better than his previous ones.

To start, Plaintiff's motion is frivolous. This Court and the Eleventh Circuit have repeatedly told him that Rule 60(b) cannot replace his failure to appeal not getting leave to amend the complaint. *See, e.g.,* Doc. 51; Doc. 58; Doc. 63; Doc. 72; Doc. 76; Doc. 93). What's more, the law Plaintiff tries to raise in his newest motion is inapplicable, is far from new, and still offers him no path forward. He does nothing but rehash the same arguments he has repeated for seven years, all of which this Court and the Eleventh Circuit have rejected. The Court thus denies Plaintiff's motion.

Because Defendant has had to waste time and resources defending multiple rounds of motions and appeals, it asks the Court to declare Plaintiff a vexatious litigant. According to Defendant, "Clements has a history of litigation entailing vexation, harassment, and needless expense resulting in an unnecessary burden on the courts and [it]." (Doc. 98 at 11). The Court largely agrees that Plaintiff refuses to take no for an answer and has placed overly burdened resources with his rounds of motions and appeals over the same issue. The Court, however, will not yet declare him a vexatious litigant or impose a pre-filing screening restriction on him. But, the Court warns Plaintiff it may do so if he files another motion for reconsideration, relief, amendment, or the like—or file a new action trying to relitigate the same issue presented here. So this is Plaintiff's last warning before the Court may declare him a vexatious litigant.

Accordingly, it is now **ORDERED:**

Plaintiff Louis Matthew Clements' Combined Motion 60(b)(5) or (6) For Relief From Judgment and Motion for Leave to Amend (Doc. 95) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on May 30, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record